812 F.2d 1401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Norman A. POWELL, and wife Donna C. Powell, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-1078.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 10, 1986.
Decided Feb. 6, 1987.
 
 Before RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Fred W. Harrison, Harrison & Heath, on brief, for appellants.
 Roger M. Olsen, Assistant Attorney General, Michael L. Paup, Robert S. Pomerance, Janet K. Jones, Attorneys, Tax Division, United States Department of Justice, Samuel T. Currin, United States Attorney, of counsel, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Norman A. Powell and Donna C. Powell appeal the dismissal of their tax suit brought pursuant to 28 U.S.C. Sec. 1346(a)(1). The district court dismissed for lack of subject-matter jurisdiction.
 
 
 2
 The Powells' tax challenge involves tax years 1977 and 1980. By a stipulated decision of the Tax Court, the Powells agreed to a 1977 tax deficiency of $95,451.53. In 1980, the Powells claimed a $100,429.41 casualty loss and attempted to carry that loss back to the 1977 tax year. After an audit, the Internal Revenue Service disallowed the loss and carry-back.
 
 
 3
 In the present action, the Powells seek to attack the disallowance of the 1980 loss and carry-back. The Powells do not contest that they have yet to pay the 1977 deficiency.
 
 
 4
 Under 28 U.S.C. Sec. 1346(a)(1), complete payment of a tax deficiency is a jurisdictional prerequisite. Flora v. United States, 362 U.S. 145 (1960). The Powells argue that they do not seek to "recover" on a tax liability, but only seek a credit or setoff. However the Powells try to label their action, the obvious fact is that the Powells are trying to reduce their 1977 deficiency before paying that deficiency. Statutory requirements prevent the Powells from attacking their tax liability in this way.
 
 
 5
 Accordingly, we affirm the district court's dismissal of this case. The facts and legal arguments are presented adequately in the briefs and record and the decisional process would not be aided significantly by oral argument.